# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TORU TANAKA GOTEL,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SHAWN CARTER,** *a.k.a. Jay-Z (Rapper)*,<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:21-cv-00388-TES** |

## ORDER OF DISMISSAL

Contemporaneously with her Complaint [Doc. 1], *pro se* Plaintiff Toru Tanaka Gotel, moved the Court to allow her to proceed *in forma pauperis* in this action. Since the Court, as discussed below, **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and waives her filing fee, it must also screen her Complaint pursuant to 28 U.S.C. § 1915(e). The Court address both issues in detail below: first, focusing on Plaintiff's request to proceed *in forma pauperis* and then, "On to the Next One"—conducting the required preliminary screening.

    **A.**    <u>**Plaintiff's Motion for Leave to Proceed** *In Forma Pauperis*</u>

The "Points of Authority" for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After review of Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants her IFP status.

B.  **Frivolity Review**

Having granted Plaintiff IFP status, the Court moves on to "Part II" and screens her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e).[2] The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez*, 364 F.3d at 1306 n.1.

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under 28 U.S.C. § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, in order to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in a complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Neitzke*, 490 U.S. at 326. "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under 28 U.S.C. § 1915(e), has a separate function—designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate due to

filing costs and the potential threat of sanctions associated with filing a civil action. *Neitzke*, 490 U.S. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and 28 U.S.C. § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### C. **Plaintiff's Complaint**

Complaints filed by *pro se* plaintiffs are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, application of this liberal construction standard will not save a plaintiff's complaint containing allegations that are "clearly baseless," "fanciful," "fantastic," "delusional," or do not have "an arguable basis either in law or in fact." *Atraqchi v. United States*, No. 21-11526, 2021 WL 4806405, at *1 (11th Cir. Oct. 15, 2021).

Before delving into Plaintiff's Complaint, the Court pauses to note that this lawsuit is not Plaintiff's first attempt to sue Defendant Shawn Carter—better known as

4

American rapper Jay-Z—in the Middle District of Georgia. *See* Complaint, *Gotel v. Carter*, No. 5:18-cv-00373-MTT, (M.D. Ga. Oct. 10, 2018), ECF No. 1. In Plaintiff's 2018 lawsuit, she made claims that primarily concerned an alleged sexual relationship with Jay-Z in which he allegedly "promised her money, in 1992, to have sex with him." *See* Order, *Gotel v. Carter*, No. 5:18-cv-00373-MTT, (M.D. Ga. Nov. 7, 2018), ECF No. 7, at p. 3. On September 5, 2019, the Eleventh Circuit affirmed dismissal of Plaintiff's 2018 lawsuit based on the fact that her Complaint lacked "crucial information." *Gotel v. Carter*, 758 F. App'x 748 (11th Cir. 2019) (per curiam). Even though her Complaint in this case suffers from the same fatal flaw, statute-of-limitation issues also spell "Trouble" for Plaintiff's claim.

This time around, Plaintiff asserts a breach-of-contract claim against Jay-Z. [Doc. 1, p. 4]. Specifically, Plaintiff alleges that she entered into a 20-year contract in 1992 with Jay-Z and "Jermani Depree[3] [*sic*] for part ownership of So So Def entertainment." [*Id.*]. Plaintiff claims that "after the 20 years was up [she] was suppose [*sic*] to receive a sum of 40 million dollars." [*Id.*]. However, because Plaintiff "never got no money out of [the]

---

[3] The Court assumes that Plaintiff means Jermaine Dupri Mauldin who is the Chief Executive Officer of So So Def. *See* Georgia Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=849239&businessType=Domestic%20Profit%20Corporation&fromSearch=True (last visited Nov. 3, 2021). Had Plaintiff sought to recover against So So Def directly, her lawsuit would be dismissed for lack of subject-matter jurisdiction because both she and So So Def are citizens of the same state (Georgia) and because she only asserts a state-law cause of action. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1331.

contract[,]" she is "now . . . demanding and sueing [*sic*] for 40 million dollars that is owe [*sic*] to [her] since the year of 2012." [*Id.*].

Since Plaintiff and Jay-Z are citizens from two different states—Georgia and New York, respectively—and because Plaintiff seeks to recover $40 million for her breach-of-contract claim, the basis for the Court's subject-matter jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332. *See* [*id.* at p. 3]. Therefore, "[u]nder the *Erie* doctrine," it is long settled that "federal courts sitting in diversity apply" the substantive law of the forum state and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014); *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Given that Plaintiff filed this lawsuit in the Middle District of Georgia, Georgia is the forum state, and its substantive law will govern her breach-of-contract claim.

Although Plaintiff's Complaint fails to allege whether she had an oral or written contract with Jay-Z, this factual omission doesn't prevent the Court from disposing of her claim. *See generally* [Doc. 1]. For breach of an oral contract, O.C.G.A. § 9-3-25 provides, "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues." Thus, if Plaintiff's contract "for part ownership of So So Def entertainment" was oral, her breach-based claim is subject to a four-year statute of limitation. *Id.*; [Doc. 1, p. 4]. In

6

other words, she only had until 2016 to file this lawsuit if she hoped to recover for breach of an oral contract.

However, because Plaintiff and Jay-Z's supposed contract was for a period of 20 years and assuming she and Jay-Z entered the contract in Georgia, Georgia's Statute of Frauds requires "any agreement that is not to be performed within one year from the making thereof [to] be in writing and signed by the party to be charged in order to be binding on the promisor." *See Zulke v. AC&DC Power Techs., LLC*, 846 S.E.2d 624, 626 (Ga. Ct. App. 2020) (first quoting *Parker v. Crider Poultry*, 565 S.E.2d 797, 798 n.1 (Ga. 2002) and then quoting O.C.G.A. § 13-5-30 (5)) (cleaned up). Thus, the Court, construing her Complaint in a light most favorable to her, will assume that Plaintiff's alleged 20-year contract with Jay-Z was in writing. *Gotel*, 785 F. App'x at 748 ("Even when construed in the light most favorable to her, the complaint failed to state a plausible claim.").

Regardless of whether Plaintiff has a valid claim for breach of a written contract under Georgia law, such a claim "would be subject to the general six-year statute of limitation." *S. States Chem., Inc. v. Tampa Tank & Welding, Inc.*, 858 S.E.2d 72, 79 (Ga. Ct. App. 2021) (citing O.C.G.A. § 9-3-24). As to this limitation period, Georgia law provides, "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable." O.C.G.A. § 9-3-24.

Within her Complaint, Plaintiff states that she entered the 20-year contract with Jay-Z in 1992 and that "since the year of 2012[]" she has been "owe[d]" $40 million. [Doc. 1, p. 4]. So, even accepting as true Plaintiff's factual allegation that her and Jay-Z's alleged contract came to "substantial completion" in 2012, the six-year statute of limitation ran sometime in 2018—long before she filed this lawsuit on November 1, 2021. *Neitzke*, 490 U.S. at 326; *S. States Chem.*, 858 S.E.2d at 79; [Doc. 1, p. 5].

Not only does Plaintiff's factually "Naked" Complaint cause the Court to believe her allegations fall within the "clearly baseless," "fanciful," "fantastic," and "delusional," categories, *see Atraqchi*, *supra*, Georgia's six-year statute-of-limitation period for written contracts undeniably bars her claim against Jay-Z. Thus, because it is "apparent from the face of the [C]omplaint" that her breach-of-contract claim is time-barred, it has no arguable basis in law and may be appropriately **DISMISSED**—at this stage—on failure-to-state-a-claim grounds. *Neitzke*, 490 U.S. at 327; *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *see also Atraqchi*, 2021 WL 4806405, at *1 (affirming sua sponte dismissal of plaintiff's complaint that had no arguable basis in law); *Towe v. Connors*, 644 S.E.2d 176, 178 (Ga. Ct. App. 2007) ("Dismissal based upon the expiration of the statute of limitation is in essence dismissal for failure to state a claim upon which relief can be granted."); *U.S. Fid. & Co. v. Rome Concrete Pipe Co.*, 353 S.E.2d 15, 16 (Ga. 1987) ("statutes of limitation . . . provide a date certain after which potential defendants can no longer be held liable for claims brought in such actions").

**D.     Conclusion**

As stated above, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. However, upon review of Plaintiff's Complaint [Doc. 1], it is clear that the breach-of-contract claim asserted therein is barred by O.C.G.A. § 9-3-24's six-year limitation period. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

**SO ORDERED**, this 4th day of November, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Again, Plaintiff failed to allege critical facts in her Complaint. Namely, she omitted whether her contract with Jay-Z was oral or in writing, and she also failed to include any factual allegation to lead the Court to deduce that the alleged contract was under seal. Had Plaintiff included factual allegations that the contract was under seal, her breach-of-contract claim—to the extent it would be governed by Georgia law—would be subject to a 20-year statute of limitation. O.C.G.A. § 9-3-23 ("Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action has accrued. No instrument shall be considered under seal unless so recited in the body of the instrument.").

In light of the Court's dismissal of this lawsuit without prejudice and to the extent Plaintiff wants to reassert her claims in another lawsuit, she will need to provide sufficient factual detail not only to state a *plausible* claim for relief but sufficient factual detail for the Court to determine whether the Middle District of Georgia is the proper venue for her lawsuit. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, civil actions in federal court "may be brought in . . . a judicial district in which any defendant resides[]" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Since Jay-Z is a New York citizen, unless Plaintiff can truthfully allege that "a substantial part of the events or omissions giving rise to [her breach-of-contract] claim occurred" in the Middle District of Georgia, this district is not the proper venue for her lawsuit. *Id.*; *see also* 28 U.S.C. § 90. Finally, because O.C.G.A. § 9-3-23 states that "No instrument shall be considered under seal unless so recited in the body of the instrument[,]" it may be helpful for Plaintiff to submit a copy of her and Jay-Z's contract simultaneously with her new Complaint should she desire to file another lawsuit. The Court also gives Plaintiff a "Reminder" that if she chooses to file another lawsuit, she must also complete and file another motion for leave to proceed *in forma pauperis* unless she is able to pay the Court's $402.00 filing fee at the time she files her lawsuit.