IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TORU TANAKA GOTEL, *Plaintiff*, v. SHAWN CARTER, *a.k.a. Jay-Z (Rapper)*, *Defendant.* | CIVIL ACTION NO. 5:21-cv-00388-TES |

ORDER OF DISMISSAL

On appeal, the Eleventh Circuit affirmed this Court's dismissal of Plaintiff's Complaint [Doc. 1] against Defendant Shawn Carter (known professionally as rapper Jay-Z) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Gotel v. Carter*, No. 21-14030, 2022 WL 433704, (11th Cir. Feb. 14, 2022) (per curiam). In this Order, the Court addresses the Amended Complaint that remained pending on its docket while Plaintiff's appeal was before the Eleventh Circuit.

Federal Rule of Civil Procedure 15 provides two ways a plaintiff can amend a complaint before trial. One way is by amending as a matter of course. Fed. R. Civ. P. 15(a)(1). A "matter of course" amendment allows a plaintiff to amend a complaint in one of two ways:

- once within 21 days after serving the complaint, or

- 21 days after a plaintiff's adversary serves a responsive pleading or 21 days after that adversary serves a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B).

Other than amendments "as a matter of course," the second and *only* other way to amend a complaint before trial comes under the "Other Amendments" portion of Rule 15. Fed. R. Civ. P. 15(a)(2). That provision says, "***[i]n all other cases***, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

The procedural history of this case doesn't permit an amendment under Rule 15(a)(1). When this Court dismissed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), her right to amend it as a matter of course terminated. *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984). The dismissal of her Complaint left Rule 15(a)(2) as her only way to amend. *Id.*

Here though, Plaintiff filed the pending Amended Complaint without obtaining either Jay-Z's written consent or the Court's leave. By all accounts, she failed to comply with Rule 15(a)(2). However, the Court will **CONSTRUE** the pending Amended Complaint as a motion seeking leave to amend. Because leave to amend should be freely given, the Court **GRANTS** Plaintiff leave to amend under Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

An amended complaint supersedes the former complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). In other words, the original complaint "is abandoned by the amendment, and is no longer a part of the pleader's averments against [her] adversary." *Id.* Plaintiff's one-page, Amended Complaint consists of only two numbered paragraphs. *See generally* [Doc. 5].

First, she states that her 1992 contract with Jay-Z was for 25 years and that she made a mistake when she alleged a 20-year contract in the original Complaint. [*Id.* at p. 1]. Second, she claims that she "was suppose[d] to be mail[ed] a copy of the contract in 1992," and that she had a witness, Jermaine Dupree, who was part of So So Def Entertainment and present "at [the] time of *signing*[.]" [*Id.* (emphasis added)]. Previously, it was unclear from the allegations in her original Complaint whether the contract was oral or in writing. [Doc. 3, p. 6]. Plaintiff's Amended Complaint, however, makes it clear that the contract was in writing since it was signed. *See* [Doc. 5, p. 1]. Thus, under Georgia law,[1] Plaintiff's claim for breach of a written contract supposedly

---

[1] Even though Plaintiff's Amended Complaint supersedes her original, the Court still looks to the allegations she included on the Court's standard complaint form for a civil case. *See Dresdner Bank*, 463 F.3d at 1215, *supra*; *see also* [Doc. 1, pp. 1–2]. There, Plaintiff alleged that she and Jay-Z are citizens from two different states—Georgia and New York, respectively. [Doc. 1, pp. 1–2]. Since Plaintiff alleges that she and Jay-Z are from two different states and since Plaintiff seeks to recover $40 million for her breach of contract claim, the basis for the Court's subject-matter jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332. *See* [*id.* at pp. 1–4]. Therefore, "[u]nder the *Erie* doctrine," it is long settled that "federal courts sitting in diversity apply" the substantive law of the forum state and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014); *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Given that Plaintiff filed this lawsuit in the Middle District of Georgia, Georgia is the forum state, and its substantive law will govern.

spanning 25 years—from 1992 to 2017—wouldn't be time-barred. O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."). Further, to the extent the written contract was made under seal, her claim wouldn't be time-barred. *Id.* at § 9-3-23 ("Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action has accrued. No instrument shall be considered under seal unless so recited in the body of the instrument.").

Nevertheless, district courts have discretion to dismiss frivolous *in forma pauperis* complaints at any stage of the proceedings. 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is "frivolous" when it appears that a plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a plaintiff has little or no chance of success where the allegations[2] are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32–33 (1992). In making these determinations, all factual allegations in Plaintiff's Amended Complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Courts, however, under 28 U.S.C. § 1915(e), have the "unusual power" to "pierce the veil" of a complaint's factual allegations and dismiss claims that are predicated on "wholly

---

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

incredible" factual contentions. *Denton*, 504 U.S. at 33; *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

In its opinion affirming this Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Eleventh Circuit judicially noticed that Plaintiff "essentially admits" that she does not have a copy of the written contract (whether under seal or not) and that her Amended Complaint doesn't even allege that her witness, Jermaine Dupree, has a copy of it. *Gotel*, 2022 WL 433704 at *2. Instead, Plaintiff only alleges that Dupree was present when the contract was signed—nothing more. *Id.*; [Doc. 5, p. 1]. As such, Plaintiff's allegations are "clearly baseless, fanciful, fantastic, [and] delusional[.]" *Atraqchi v. United States*, No. 21-11526, 2021 WL 4806405, at *1 (11th Cir. Oct. 15, 2021). Thus, she has "little or no chance of success" to recover for her alleged breach of contract claim asserted against Jay-Z. *Id.* Accordingly, the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 5] **without prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gotel*, 2022 WL 433704 at *2, n.1.

**SO ORDERED**, this 4th day of April, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**